| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| JHR MANUFACTURING, LLC, a Washington limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  COMPLAINT  JURY DEMAND |
| Plaintiff, | | |
| vs. | | |
| PUFFLE, INC., a Florida corporation, d/b/a ALD Kitchen and ALD Professional Kitchen Equipment; and DMITRIY MYKALO, a California resident, | | |
| Defendants. | | |

JHR Manufacturing, LLC ("JHR"), alleges for its Complaint against Puffle, Inc., d/b/a ALD Kitchen and ALD Professional Kitchen Equipment ("Puffle"); and Dmitriy Mykalo (collectively, "Defendants") as follows:

**NATURE OF ACTION**

1. Plaintiff JHR and its predecessor have used their LOLLYWAFFLE trademark in connection with their specialty waffle makers and related goods since 2013, which they registered on the Principal Register with the U.S. Patent and Trademark Office. Defendant Puffle makes competing waffle makers, which it passes off as genuine LOLLYWAFFLE machines in an effort to trade on JHR's and its predecessor's well-known reputation. JHR and

COMPLAINT -- 1

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

its predecessor complained about Puffle's intentional trademark infringement many times, which Puffle ignored or sought to frustrate enforcement efforts with third-party platforms like Facebook, Walmart, and Amazon. In this lawsuit, JHR seeks an injunction to enjoin Puffle, its officers, and its owners from continuing their intentional infringement, along with exemplary and actual damages, and an award of its reasonable attorney's fees and costs, in addition to the other relief provided by law.

**PARTIES**

2. Plaintiff JHR is a Washington limited liability company. Its principal place of business is located in Silverdale, Washington. JHR manufactures and sells specialty food equipment.

3. Defendant Puffle is a Florida corporation. Its principal place of business is located in Aventura, Florida. Puffle manufactures and sells specialty food equipment. It is a competitor of JHR.

4. Defendant Mykalo is a natural person residing in California. He is the president, owner, and agent of Puffle. JHR believes that Mr. Mykalo personally directed, caused, or otherwise participated in Puffle's wrongful acts described herein, including its decision to infringe JHR's trademark. On further information and belief, Mr. Mykalo had the right and ability to supervise or control the wrongful activity alleged herein, and he has a direct financial interest in such activity. Mr. Mykalo also had knowledge of or reason to know about the wrongful activity alleged herein, and took actions that caused or contributed to such activity. These actions support Mr. Mykalo's personal liability for such acts.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C § 1121; and supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367.

COMPLAINT -- 2

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

6. The Court has personal jurisdiction over Puffle because it transacted and continues to transact business in Washington and this District; it infringed and continues to infringe JHR's trademark in Washington and this District; it committed and continues to commit torts in Washington and this District; and the effects of its infringement were directed to and felt in Washington and this District, where JHR resides. For these reasons, the Court has personal jurisdiction over Puffle, including pursuant to RCW 4.28.185, and *Calder v. Jones*, 465 U.S. 783 (1984), and its progeny.

7. The Court has personal jurisdiction over Mr. Mykalo because he owns and controls Puffle; he personally caused and continues to cause Puffle to transact business in Washington and this District; he personally was and is the moving, active, and conscious force in causing Puffle to infringe JHR's trademark in Washington; he personally committed and continues to commit torts in Washington and this District; and the effects of Puffle's infringement that he caused to occur were directed to and felt in Washington and this District, where JHR resides. For these reasons, the Court has personal jurisdiction over Mr. Mykalo, including pursuant to RCW 4.28.185, and *Calder v. Jones*, 465 U.S. 783 (1984), and its progeny.

8. Venue is proper in this District under 28 U.S.C. § 1391. A substantial part of the events giving rise to JHR's claims occurred in this District; a substantial part of the property that is the subject of this action is situated in this District; Defendants are subject to the Court's personal jurisdiction in this District; and a substantial part of the events giving rise to the claims that JHR asserts herein occurred in this District.

**FACTUAL ALLEGATIONS**

9. JHR's predecessor, Sagra, Inc. ("Sagra"), invented the waffle on a stick.

10. At all times material hereto, JHR and Sagra (collectively, "Plaintiff") designed, manufactured, and sold high-quality, commercial-grade equipment, mixes, toppings, supplies, and accessories that are used to make and sell a wide variety of waffles, including cinnamon

COMPLAINT -- 3

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

buns, churros, waffle dogs, and pizza, which are sold and consumed on a stick, as illustrated below.

11. Since at least as early as 2013, Plaintiff has continuously used LOLLYWAFFLE as a trademark in connection with its specialty waffle irons and related goods.

12. On November 17, 2015, Sagra registered LOLLYWAFFLE (Reg. No. 4855822) as a trademark on the Principal Register with the U.S. Patent and Trademark Office in International Class 011 for "Electric waffle maker[s]."

13. In or around 2018, Puffle began selling waffle makers designed to make waffles on a stick. Puffle's machines are cheaper than genuine LOLLYWAFFLE machines, and are of inferior quality, but are intended to serve the same purpose. In an effort to trade on Plaintiff's well-known reputation in the marketplace, Puffle called its competing machines "LOLLYWAFFLE" or "LOLLY WAFFLE" waffle makers, names which are substantially identical to Plaintiff's registered trademark. Examples of this use on Puffle's website (accessible at: *https://ald.kitchen/*), Facebook, and Walmart.com are illustrated below. Many more examples exist.

COMPLAINT -- 4

Puffle's Website




Puffle's Facebook Page




Puffle's Walmart.com Store Page



14. Plaintiff has complained about this trademark infringement numerous times to Puffle, Facebook, Walmart, and Amazon. In response, Puffle began engaging in fraudulent Whac-A-Mole tactics. When a platform took down a page offering an infringing product, Puffle often re-posted it with a different company name, distributor name, product name, or product description. At times, it also moved the infringing product name to the page header, the product description, to text within a photo, or shifted to calling its goods "LOLLY STICK WAFFLE" makers (bisecting Plaintiff's trademark with the word "STICK"). A sampling of these tactics is illustrated on Puffle's Amazon.com store page below.



15. Puffle is well aware that it does not need to call to mind Plaintiff's well-known trademark to describe its competing goods. At times, it describes its machines as "waffle

COMPLAINT -- 6

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

makers," "waffle machines," and "corn dog waffle makers," and the food products its machines make as "waffles on a stick," "baby cake waffles," and "tree waffles." Plaintiff naturally does not object to any of these descriptions, since they are not confusingly similar to its trademark.

16. On June 22, 2020, Sagra assigned all right, title, and interest in its LOLLYWAFFLE trademark, together with all goodwill associated therewith, to JHR. The assignment also expressly transferred all rights that Sagra previously had to enforce its trademark – and to recover damages for all past harm that infringers had caused. Thereafter, JHR filed the assignment for recording with the USPTO. Its request to record the assignment is pending.

17. Unfortunately for Plaintiff, Puffle's unfair tactics have succeeded. Plaintiff has experienced diminished sales and many instances of actual confusion by unhappy customers of Puffle waffle makers who have wrongly blamed Plaintiff for Puffle's inferior products.

18. As illustrated on its website, Puffle's willful infringement of Plaintiff's registered trademark continues today.



## CAUSES OF ACTION

### Claim One: Infringement of a Registered Trademark
### (15 U.S.C. § 1114)

19. Plaintiff re-alleges the allegations set forth above.

20. Plaintiff's LOLLYWAFFLE trademark is registered on the Principal Register.

21. Under 15 U.S.C. § 1057(c), Plaintiff's registration certificate constitutes constructive use of its LOLLYWAFFLE mark, conferring on it a right of priority, nationwide in

COMPLAINT -- 7

effect, on or in connection with "electric waffle maker[s]" against any other person, including Puffle, except for a person whose mark has not been abandoned and who, prior to such filing has used the mark or filed an application to register the mark which is pending or has resulted in registration of the mark.

22. Plaintiff's rights in its registered trademark arose prior to, and are superior to, any conflicting trademark rights that Defendants can claim.

23. Defendants are passing off their goods and services as those originating with Plaintiff.

24. Defendants' unauthorized use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of waffle makers and related goods and services is likely to cause confusion, or to cause mistake, or to deceive consumers with Plaintiff's mark. Accordingly, Defendants' use of Plaintiff's registered trademark and confusingly similar variants infringes Plaintiff's superior rights that it has in its registered trademark in violation of 15 U.S.C. § 1114(1).

25. Defendants' intentional infringement of Plaintiff's registered trademark has caused and will continue to cause Plaintiff irreparable harm which can only be cured through an injunction to prevent Defendants' continued trademark infringement.

26. Defendants' intentional infringement also has damaged and will continue to damage Plaintiff in an amount to be established at trial, including but not limited to its actual damages and Defendants' wrongful profits, exemplary damages not exceeding three times the amount of its actual damages for Defendants' infringement and use of a counterfeit mark, statutory damages for Defendants' use of a counterfeit mark, and Plaintiff's reasonable attorney's fees and costs.

**Claim Two: Unfair Competition and False Designation of Origin**
**(15 U.S.C. § 1125(a))**

27. Plaintiff re-alleges the allegations set forth above.

28. Apart from its federal trademark registration, Plaintiff has valid and superior common law rights in its LOLLYWAFFLE trademark throughout the United States.

29. Defendants' use on or in connection with its competing waffle makers and related goods of words, names, symbols, or devices, or any combination thereof, and its false designation of origin, and false and misleading descriptions of fact is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff. Accordingly, Defendants' use infringes the superior common law rights that Plaintiff has in its LOLLYWAFFLE trademark in violation of 15 U.S.C. § 1125(a).

30. Plaintiff will continue to be damaged by Defendants' intentionally wrongful acts unless the Court enjoins same. Plaintiff has no adequate remedy at law for Defendants' willfully continuing to violate its rights.

31. Defendants' intentional infringement of Plaintiff's LOLLYWAFFLE trademark also has damaged and will continue to damage Plaintiff in an amount to be established at trial, including but not limited to its actual damages and Defendants' wrongful profits, as well as its reasonable attorney's fees and costs.

**Claim Three: Violation of the Unfair Business Practices Act**
**(RCW 19.86)**

32. Plaintiff re-alleges the allegations set forth above.

33. Defendants' using words and trademarks that are confusingly similar to Plaintiff's LOLLYWAFFLE trademark in connection with advertising and providing competing waffle makers and related goods and services in Washington is an unfair trade practice, which is

COMPLAINT -- 9

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

1    damaging to the public interest in violation of the Washington Consumer Protection/Unfair
2    Business Practices Act, RCW §§ 19.86.010, *et seq*.

3    34.    Defendants' using words and trademarks that are confusingly similar to Plaintiff's
4    LOLLYWAFFLE trademark in connection with advertising and providing competing waffle
5    makers and related goods and services in Washington is an unfair trade practice that has the
6    capacity to deceive a substantial portion of the Washington consuming public.

7    35.    Defendants' using words and trademarks that are confusingly similar to Plaintiff's
8    LOLLYWAFFLE trademark in Washington is in the course of conducting business in
9    Washington. Defendants' deceptive acts and practices infringe Plaintiff's trademark, and injure
10   the public interest.

11   36.    Defendants' deceptive acts and practices, and infringement of Plaintiff's
12   trademark, also injures Plaintiff's business, including the loss of recognition and goodwill.

13   37.    Plaintiff is entitled to an injunction restraining Defendants' deceptive acts and
14   practices.

15   38.    Plaintiff also is entitled to actual damages in an amount to be proven at trial,
16   exemplary damages, and an award of its reasonable attorney's fees and costs.

## JURY DEMAND

39.    Plaintiff respectfully demands a trial by jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1.    For temporary, preliminary, and permanent injunctions restraining and enjoining Defendants, and all others in active concert or participation with them, from:

   a.    using any word, trademark, or description that is confusingly similar to Plaintiff's LOLLYWAFFLE trademark in the United States, including, but not limited to using "LOLLYWAFFLE," "LOLLY WAFFLE," "LOLLY STICK WAFFLE," "LOLLY" and

variations thereof in connection with waffle makers and related goods and services, and including but not limited to use on its website (*https://ald.kitchen/*) and on the websites owned or operated by Facebook, Amazon, and Walmart;

      b.    advertising, offering for sale, and selling waffle makers and/or related goods and services in a manner that is likely to cause confusion with Plaintiff's LOLLYWAFFLE trademark in the United States, and from committing any other unfair business practice directed towards obtaining for itself Plaintiff's business, customers, or reputation; and

      c.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

    2.    That the Court enter an Order directing Defendants to file with this Court and serve on Plaintiff's attorneys within thirty days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

    3.    That the Court award Plaintiff judgment against Defendants, jointly and severally, for its actual damages, infringer's profits, exemplary damages, and statutory damages in an amount to be determined at trial;

    4.    That the Court award Plaintiff its reasonable attorneys' fees and costs; and

    5.    That the Court award any such other relief as it deems just and proper.

DATED this 13th day of November, 2020.

                ATKINS INTELLECTUAL PROPERTY, PLLC

                By /s/ Michael G. Atkins
                  Michael G. Atkins
                  WSBA# 26026
                  Atkins Intellectual Property, PLLC
                  113 Cherry Street #18483
                  Seattle, WA 98104-2205
                  Phone: (206) 628-0983
                  E-mail:  mike@atkinsip.com

JHR Manufacturing, LLC