UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JHR MANUFACTURING, LLC,<br><br>             Plaintiff,<br><br>   v.<br><br>PUFFLE, INC., d/b/a ALD Kitchen and ALD Professional Kitchen Equipment, and DMITRIY MYKALO,<br><br>             Defendants. | CASE NO. C20-6115 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Puffle, Inc. and Dmitriy Mykalo's (collectively "Defendants") motion to dismiss for lack of personal jurisdiction. Dkt. 9. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff JHR Manufacturing, LLC ("JHR") brings claims against Defendants alleging infringement of JHR's registered trademark under 15 U.S.C. § 1114, unfair competition and false designation of origin under 16 U.S.C. § 1125(a), and violation of
ORDER - 1

Washington's Unfair Business Practices Act, RCW Chapter 19.86, *et seq.* Dkt. 1. JHR designs, manufactures, and sells equipment and accessories that are used to make waffles on a stick. *Id.* ¶ 10. It alleges that, since at least 2013, it has used "Lollywaffle" as a trademark in connection with its waffle makers and related goods. *Id.* ¶ 11. On November 17, 2015, JHR's predecessor[1] registered "Lollywaffle" as a trademark with the U.S. Patent and Trademark Office. *Id.* ¶ 12.

JHR alleges that Defendants began selling waffle makers designed to make waffles on a stick in approximately 2018. *Id.* ¶ 13. It further alleges that Defendants called their machines "Lollywaffle" or "Lolly Waffle" on their own website, Facebook, and Walmart.com. *Id.* JHR asserts that it has complained about this alleged trademark infringement to Puffle, Facebook, Walmart, and Amazon. *Id.* ¶ 14. It alleges that Defendants would then change the company name, distributor name, product name, or product description when a platform took down a page with an allegedly infringing product. *Id.* JHR thus asserts that Defendants have caused actual confusion of its customers and that Defendants have willfully infringed its registered trademark. *Id.* ¶¶ 17–18.

Defendant Puffle is a Florida corporation, and Defendant Mykalo, who is the president, owner, and agent of Puffle, is a California resident. *Id.* ¶¶ 3–4. Since the commencement of this lawsuit, Defendants have voluntarily produced two tax records

---

[1] On June 22, 2020, JHR's predecessor assigned all rights, title, and interest in its "Lollywaffle" trademark to JHR, including the trademark registration and associated goodwill. Dkt. 1, ¶ 16.

and two sales records. *See* Dkt. 13. JHR's counsel declares that he sorted one of the produced sales records to isolate the sales of waffle makers and accessories to purchasers located in Washington made through Defendants' website and that the sales records indicate that Defendants recently sold twenty-three waffle makers and waffle maker accessories to Washington residents. *Id.* ¶ 2; *see also* Dkt. 14. He additionally declares that the other sales record purports to show Defendants' sales through Amazon from October 5, 2020 through January 1, 2021 but that the record does not show who purchased the goods or where they were sent. Dkt. 13, ¶ 3; *see also* Dkt. 14-1.

On March 25, 2021, Defendants moved to dismiss for lack of personal jurisdiction, arguing that JHR cannot establish specific jurisdiction. Dkt. 9. On April 19, JHR responded, Dkt. 11, and filed a motion to seal, Dkt. 10.[2] JHR argues that Defendants have sought out, misled, and benefitted from Washington consumers and that these contacts are sufficient to establish personal jurisdiction. In the alternative, JHR requests that the Court allow jurisdictional discovery or, if the Court grants Defendants' motion, to transfer the case to the Central District of California. On April 23, 2021, Defendants replied. Dkt. 15.

---

[2] JHR asserts that the two exhibits filed in support of its opposition to Defendants' motion should remain under seal because Defendant Puffle "produced the subject sales transaction records under an agreement that JHR would treat them as being designated as 'Attorney's Eyes Only.'" Dkt. 10 at 1. The Court agrees that the exhibits should remain under seal and hereby **GRANTS** the motion.

ORDER - 3

## II. DISCUSSION

**A.  Standard**

To determine whether it has jurisdiction over a defendant, a federal court applies the law of the state in which it sits, as long as that law is consistent with federal due process. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Due process is satisfied when subjecting the entity to the court's power does not "offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]raditional notions of fair play and substantial justice" require that a defendant have minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316. The extent of those contacts can result in either general or specific personal jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citations omitted). "Additionally, any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002).

Personal jurisdiction may take the form of general jurisdiction[3] or specific jurisdiction. *See Helicopertos Nacionales*, 466 U.S. at 414 n.9. General jurisdiction only exists in the "exceptional case" in which the corporation's activities are "so substantial and of such a nature as to render the corporation at home in that State." *Tyrrell*, 137 S. Ct. at 1558. JHR does not assert that the Court has general jurisdiction over Defendants, only specific jurisdiction. Dkt. 11 at 7.

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for conduct that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). To prove that specific jurisdiction exists in a tort-based action, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state, (2) the lawsuit arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot*, 780 F.3d at 1211. A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger*, 374 F.3d at 803. This occurs if the defendant: "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Fin. Co.*, 873 F.3d

---

[3] General jurisdiction permits a court to consider claims against a person or corporation for any conduct, even that which occurred outside the forum state. *Goodyear*, 564 U.S. at 924; *Daimler*, 571 U.S. at 126–27. A court may assert general jurisdiction over a foreign corporation when the corporation's affiliations with the state "are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (quoting *Daimler*, 571 U.S. at 127).

1136, 1142 (9th Cir. 2017) (commonly referred to as the "*Calder* effects test"); *see also Calder v. Jones*, 465 U.S. 783 (1984).

If the plaintiff establishes the first two factors, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." *Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). These considerations include the extent of the defendant's purposeful interjection into the forum, the burden on the defendant, conflict of sovereignty with the defendant's state, the forum state's interest, judicial efficiency, the importance of the forum to the plaintiff's interest in convenient and effective relief, and the alternate forums. *Picot*, 780 F.3d at 1211 (citing *Core-Vent v. Novel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993)).

Defendants argue that they have not purposefully directed their activities to Washington. The Court will thus first address the "effects test" and then turn to the remaining specific jurisdiction arguments if required.

**B.     Analysis**

    **1.     Purposeful Direction**

        **a.     Intentional Act**

For purposes of jurisdiction, a defendant acts intentionally when he acts with "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Here, JHR alleges that Puffle intentionally used its registered trademark and infringing

variations to market and sell waffle makers via its own website and Amazon. This is sufficient to establish an intentional act under the effects test. *See id.*; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002).

b. **Express Aiming**

Defendants largely focus their arguments on express aiming, asserting that JHR has failed to properly allege that their intentional acts were expressly aimed at Washington. *See* Dkt. 9 at 4–5. JHR argues that Defendants' intentional infringement of its registered trademark knowing that JHR is a Washington resident, that Defendants' sale of allegedly infringing waffle makers to consumers in Washington, and that Defendants' advertising and sale of waffle makers online to consumers in Washington all evidence Defendants' express aiming.

Maintenance of a passive website alone is insufficient to satisfy the express aiming prong. *See Mavrix Photo Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (internal citations omitted). However, "operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Rio Props.*, 284 F.3d at 1020. The Ninth Circuit has considered several factors when determining whether there is "something more," including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant "individually targeted" a plaintiff known to be a forum resident. *Mavrix*, 647 F.3d at 1229 (citing, *inter alia*, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1153–54, 1156–58 (9th Cir. 2009)). Indeed, this Court has concluded that personal jurisdiction is appropriate where an entity is conducting business over the internet and

has offered for sale and sold its products to forum residents. *See Washington, Dept. of Revenue v. WWW.Dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048, 1052 (W.D. Wash. 2003) (concluding "[defendant's] sale of cigarettes to Washington residents through its interactive website constitutes purposeful availment of the privilege of conducting business in Washington").

Defendants make sales of the waffle makers at issue through third-party websites and through their own website. This Court has already determined that distribution through Amazon (a Washington entity) does not constitute "express aiming" at Washington—even where the sales are of accused products. *See, e.g.*, *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-CV-01530-RAJ, 2019 WL 4058971, at *3 (W.D. Wash. Aug. 28, 2019); *Nat'l Products, Inc. v. Mamiya America Corp.*, No. 2:19-cv-01340 BJR, 2020 WL 1819870, at *4 (W.D. Wash. Apr. 10, 2020). However, Defendants do maintain their own website where Washington-based consumers can purchase their goods, and the voluntarily produced documents show that at least twenty-three Washington consumers have done so. *See* Dkt. 13. Defendants argue that none of these sales in Washington involve the allegedly infringing products. Dkt. 15 at 3; *see also* Dkt. 14. But, "any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa*, 287 F.3d at 1187. For the purposes of this motion, the Court construes the sales records in the light most favorable to JHR. Sales in Washington are therefore a predictable consequence of Defendants' online business model. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (198) ("if the sale of a product of a manufacturer or

distributor . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States . . . .").

Furthermore, it is well settled in the Ninth Circuit that a defendant who infringes a copyright directs their conduct at the forum where the economic loss occurs or where the holder of the copyright is located. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 678–79 (9th Cir. 2012), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). JHR sent a cease-and-desist letter to Defendants in April 2020, which identifies Washington as its residence. *See* Dkt. 12-2. While such letters, in isolation, are generally insufficient to confer personal jurisdiction, when considered in addition to Defendants' other contacts with Washington, this supports a finding of express aiming. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1201 (9th Cir. 2006) (finding a cease and desist letter in addition to other contacts with the forum state warranted an exercise of personal jurisdiction).

    **c.**    **Harm in the Forum**

"[A] corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1113 (9th Cir. 2002). In a trademark infringement action, it is foreseeable that harm suffered by the trademark or copyright owner will be felt in its home state. *See Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co., Ltd.*, No. 2:18-cv-01032-TSZ, 2019 WL 1572675, at *4 (W.D. Wash. Apr. 11, 2019). It is uncontested that

JHR's principal place of business is in Washington. Dkt. 1, ¶ 2. The Court thus concludes it is foreseeable that JHR would be harmed here.

As JHR has established Defendants' purposeful direction towards this forum, the Court will now turn to the remaining specific jurisdiction requirements.

### 2. Arising Out of Defendants' Forum-Related Activities

The Ninth Circuit has adopted a "but for" analysis to determine whether the claims at issue arose from a defendant's forum-related conduct. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). "[T]he plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* JHR alleges that Defendants willfully infringed its registered trademark, resulting in consumer confusion and harm to its business and goodwill. *See* Dkt. 1, ¶¶ 17–18. The Court agrees with JHR that but for Defendants alleged infringement, it would not have suffered the alleged injury.

### 3. Exercise of Jurisdiction is Reasonable

As JHR has satisfied the first two prongs required to establish specific jurisdiction, the burden shifts to Defendants to make a "compelling case" that exercise of jurisdiction is not reasonable. *Schwarzenegger*, 374 F.3d at 802. There are seven factors a court must consider when determining whether exercise of jurisdiction is reasonable: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

alternative forum." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

Some of these factors favor Defendants, while others favor JHR. Defendants' purposeful interjection in Washington is not extensive but is still sufficient to find purposeful direction and express aiming. Defendants assert that the burden of defending this case in Washington would be great because they are based in California, but the Court is not convinced that Washington would be substantially more burdensome. "[W]ith the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib.*, 380 F.3d at 1112. There is no conflict with California law, and Washington does have a legitimate interest in protecting the intellectual property rights of its citizens. The Court recognizes that the Central District of California is an alternative forum for this suit, but that factor alone is insufficient for the Court to decline exercising jurisdiction. Further, JHR has brought a claim under Washington law, specifically under RCW Chapter 19.86, *et seq.*, and this Court would provide efficient judicial resolution of both the state law and federal law claims. Therefore, the Court concludes that Defendants have not established a "compelling case" showing that the exercise of jurisdiction would be unreasonable.

Defendants' motion to dismiss is, therefore, DENIED, and JHR's request for jurisdictional discovery is moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction, Dkt. 9, is **DENIED** and that JHR's motion to seal, Dkt. 10, is **GRANTED**.

Dated this 6th day of July, 2021.

BENJAMIN H. SETTLE
United States District Judge